a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DON MOOKDASNIT #26991-078,              CIVIL DOCKET NO. 1:26-CV-00810
Petitioner                                                    SEC P

VERSUS                                                    JUDGE DRELL

WARDEN POLLOCK MEDIUM,          MAGISTRATE JUDGE PEREZ-MONTES
Respondent

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Don Mookdasnit ("Mookdasnit"), a prisoner at the Federal Correctional Institution in Pollock, Louisiana.  Mookdasnit challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Mookdasnit may not receive double credit, the Petition should be DENIED and DISMISSED WITH PREJUDICE.

## I.    Background

Mookdasnit was arrested on February 16, 2017, while on parole from a state sentence.  ECF No. 1.  According to the warden's response to Mookdasnit's request for administrative remedy, a pre-revocation warrant was issued on February 28, 2016, and executed on the date of arrest—February 16, 2017.  ECF No. 1-3 at 21.

On February 21, 2017, Mookdasnit was charged by federal criminal complaint with possession with intent to distribute a controlled substance.  *United States v. Mookdasnit*, 1:17-cr-0024 (E.D. Tex.), ECF No. 1.  Mookdasnit was subsequently

1

indicted and pleaded guilty. *Id.* at ECF Nos. 7, 43, 46, 48.   On November 30, 2017, he was sentenced to 188 months of imprisonment, to "run consecutively with the Defendant's imprisonment resulting from the revocation of his parole under Docket Number 11-01-0156, 221st District Court of Montgomery County, Conroe, Texas." *Id.* at 53.

On May 8, 2018, Mookdasnit's state parole was revoked.  ECF No. 1-3 at 21.

II.    <u>Law and Analysis</u>

A federal defendant may receive credit towards the service of a term of imprisonment for any time he spent in official detention prior to the date the sentence commences: "(1) as a result of the offence for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited towards another sentence."  18 U.S.C. § 3585.

The mandate of § 3585(b) is clear.  A federal inmate may be given credit for any time he spent in official detention—whether state or federal—only if that time has not been credited toward another sentence.  The attachments to Mookdasnit's Petition demonstrate that he received state credit for the time he now seeks federal credit.  ECF No. 1-3.   But § 3585 prohibits double credit.

Additionally, the federal sentencing judge specifically stated the federal sentence should be served consecutive to Mookdasnit's term of imprisonment "resulting from the revocation of his parole. . . ." *Mookdasnit,* 1:17-cr-0024 (E.D. Tex.), ECF No. 53.  That is precisely what happened.

### III.    Conclusion

Because Mookdasnit may not receive federal credit for time credited toward another sentence, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 14, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3